IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IRONTON METALS, CORP.,            )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Civil Action No. 05-0723
                                  )
NIAGARA LASALLE UK LIMITED,       )
                                  )
        Defendant.                )

MEMORANDUM AND ORDER

Gary L. Lancaster,
District Judge.                                January 6, 2006


        This is an action in contract.  Pursuant to 28 U.S.C. §1447, defendant removed this case from the Court of Common Pleas of Butler County, Pennsylvania relying on the court's diversity jurisdiction.  Before the court is defendant's motion to dismiss plaintiff's amended complaint [document no. 10].  Defendant argues that plaintiff's claims for breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), and intentional misrepresentation (Count IV), should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

        On December 22, 2005, the court held an evidentiary hearing to determine whether the amount in controversy exceeds $75,000, the amount required for diversity jurisdiction.  28

U.S.C. §§ 1332(a), 1447. In light of the evidence presented by counsel, the court is satisfied that the amount in controversy exceeds $75,000. We now turn to defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendant's motion to dismiss will be denied.

From approximately June, 2003 through December, 2004, plaintiff, Ironton Metals Corporation ("Ironton") and its sole officer, Joseph P. Stockhausen ("Stockhausen") provided sales and distribution services for defendant, Niagara LaSalle UK Limited ("Niagara"). Defendant is in the steel production business. Prior to its business arrangement with Ironton, defendant contracted with Metal Mill Specialties for the sale and distribution of Niagara products in the United States. During that time, Metal Mill Specialties provided sales services for the Niagara accounts through Ironton. Plaintiff claims that Niagara paid Metal Mill Specialties a commission of 2.5-3% of the sales revenue generated by Metal Mill Specialties and its agents. In turn, Metal Mill Specialities paid 50% of the commissions it received to Ironton.

On or about June 30, 2003, defendant terminated its relationship with Metal Mill Specialties. At that time, defendant requested that plaintiff continue to act as a sales agent directly for defendant. During discussions related to

compensation, defendant offered plaintiff $5,000 per month for its sales services. Despite plaintiff's contention that it informed defendant that the compensation arrangement was not acceptable, plaintiff continued to service the Niagara accounts at the rate of $5,000 per month for the next eighteen months.

In June of 2004, plaintiff purportedly proposed to defendant that it oversee all of defendant's sales in the United States in exchange for an increase in compensation from $5,000 per month to $9,500 per month. Plaintiff claims that defendant never responded to its proposal. On December 9, 2004, defendant informed plaintiff that it would no longer require plaintiff's services as a sales agent.

Plaintiff claims that defendant has not fulfilled the obligations of the June 2003 agreement between the parties by "failing to fairly compensate [plaintiff] for the professional services provided to [defendant] as a sales agent." See Amended Complaint, ¶42. Plaintiff seeks monetary damages.

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim

for relief. In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 337 & n. 40 (2d ed. 1990); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is on this standard that the court has reviewed defendant's motion to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Taking plaintiff's allegations as true, the complaint states a valid basis for relief - whether under a contractual or quasi-contractual theory of relief. First, contrary to defendant's contention, the court finds that, under the notice pleading standards set forth in the Federal Rules of Civil Procedure, plaintiff's complaint adequately states a claim for breach of contract. Paragraphs 18 and 19 of the amended complaint allege that the parties entered into an oral agreement. The complaint goes on to state the essential terms of the alleged

contract[1], i.e., the services to be performed by the plaintiff in exchange for compensation by the defendant. As such, defendant's motion to dismiss is denied as to Count I.

Plaintiff's amended complaint also sufficiently states claims for promissory estoppel and unjust enrichment. Plaintiff has adequately pled its promissory estoppel action under Pennsylvania law by alleging that: (1) defendant made a promise to plaintiff that defendant should have reasonably expected to induce action by plaintiff; (2) plaintiff took action in reliance upon that promise; and (3) injustice can only be avoided by enforcing the promise. See Sullivan v. Chartwell Invest. Partners, L.P., 873 A.2d 710, 717 (Pa. Super. 2005); see also Amended Complaint at ¶¶16-25, 56-67. Likewise, plaintiff has adequately stated a claim for unjust enrichment under Pennsylvania law. To establish a claim for unjust enrichment, plaintiff must allege that plaintiff conferred a benefit upon defendant, defendant appreciated the conferred benefit, and defendant's acceptance of the benefit would make it inequitable for the defendant to retain the benefit without payment of value. Temple University Hospital v. Healthcare Management Alternatives, Inc., 832 A.2d 501, 507 (Pa. Super. 2003). Under the notice

---

[1] Indeed, in opposition to plaintiff's unjust enrichment claim defendant states, "Ironton's Amended Complaint clearly alleges an express contract." See Defendant's Brief at p. 9.

pleading standards set forth in the Federal Rules of Civil Procedure, plaintiff has sufficiently pled the elements necessary to sustain a claim for unjust enrichment. See Amended Complaint at ¶¶69-72.

At this stage of the proceedings, plaintiff has also sufficiently pled the essential elements for the tort of intentional misrepresentation. Plaintiff's amended complaint set forth that defendant intentionally made an alleged material misrepresentation(s) upon which plaintiff relied, that resulted in injury to plaintiff. See Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994); see also Amended Complaint at ¶¶75-80.

Accordingly, this 6th day of January, 2006, IT IS HEREBY ORDERED that defendant's motion to dismiss [document no. 10] is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record